

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable V. P. Sexton
County Attorney
Orange County
Orange, Texas

Dear Sir:

Opinion No. O-3001
Re: May the salary of a county
auditor be supplemented by
donations from citizens?

Your request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"Recently the commissioners' court employed an auditor for Orange County, Texas. By virtue of the statute he is entitled to receive a salary of $125.00 per month based on the last Federal Census. A group of citizens of this county have agreed to contribute $75.00 per month additional to the auditor in order for him to receive $200.00 per month.

"Please give me your opinion on this question. I have searched the statutes diligently and cannot find any way or means to raise an officials salary when the same is set out by statute.

"It appears to me that a contribution to any official by a citizen or group of citizens would be in violation of the law."

You state in effect that under existing laws the salary of the county auditor of Orange County is $125.00 per month. Without investigating or considering the population of said county or the taxable valuation of the property thereof, for the purposes of this opinion we assume the above statement to be correct.

The compensation of public officers is fixed by the Constitution and statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office and the officer by his acceptance thereof is deemed to have engaged to perform them without compensation. (Terrell v. King, 14 S.W. (2d) 786; McCalla v. City of Rockdale, 246 S.W. 654; Texas Juris., Vol. 34, p. 531.)

As already mentioned, an officer is not entitled to receive any compensation for his official services other than that which has been provided for by law. He may not recover from third persons compensation for the performance of an act within the scope of his official duties; and effect will not be given to a contract whereby he is to receive from the county or from third persons a different, or a greater or less compensation for his official services than that which has been prescribed by law. (Crosby County Cattle Company v. McDermitt, 281 S.W. 293; Kasling v. Morris, 9 S.W. 739; Lattimore v. Tarrant County, 124 S.W. 205; Gulf, C. and S. S. I. Co. v. Ume, 27 S.W. 110.)

The case of Stringer v. Franklin County, 123 S.W. 1168, holds in effect that where the law fixes the compensation which an officer is to receive for given services, or imposes upon him the duty of performing his service without specifically fixing any compensation therefor, he cannot lawfully contract or receive from any other source any additional compensation.

The Supreme Court of Ohio, in the case of Somerset Bank v. Edmond, 81 Northeastern Reporter, 641, among other things, holds in effect that public policy and sound morals alike forbid that a public officer should demand or receive for services performed by him in the discharge of official dut; any other or further remuneration or reward than that prescribed and allowed by law.

We quote from Ruling Case Law, Vol. 22, pp. 537-540, as follows:

"Contracts for extra compensation of public officers have been adjudged void on ground of public policy. Not only are they forbidden by common law to receive extra compensation for their official services, but the common law is not infrequently reinforced by constitutional provisions. . . . It is a principle of the common law that an officer ought not to take money for doing his duty, but that he should perform his official duties without reward or compensation than such is fixed and allowed by law. Therefore a public officer cannot recover compensation from third parties for the performance of acts within the scope of his official duty, even though the acts were performed at their request, or though they may have expressly promised to pay him. A promise made under such circumstances is contrary to public policy and cannot be enforced. . . ."

In view of the foregoing authorities, your question, as above stated, is answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:db

APPROVED JAN 11, 1941

ATTORNEY GENERAL OF TEXAS